MARY J. MAXWELL, Guardian,

*v.*

THE PEOPLE *ex rel.* Freise, County Collector.

*Opinion filed February 20, 1901—Rehearing denied April 11, 1901.*

1. TAXES—*right of guardian to object to tax against ward's property.* The removal of a guardian and ward from the State, while it may be ground for the discharge of the guardian by the county court does not affect the validity of an objection by her, as guardian, against the taxing of the ward's property which has no taxable *situs* in this State.

2. The other questions involved are controlled by the decision in *Maxwell* v. *People*, (*ante*, p. 546.)

BOGGS, C. J., and HAND, J., dissenting.

APPEAL from the County Court of Mercer county; the Hon. W. T. CHURCH, Judge, presiding.

Robert L. Watson, and Guy C. Scott, for appellant.

James M. Brock, for appellee.

Per Curiam: The questions involved in this case are the same as those involved in, and decided by, the case of *Maxwell* v. *People*, (*ante*, p. 546). The objection, filed below by the appellant as guardian of her minor son, was that she and her minor son were non-residents of Illinois on May 1, 1898, and April 1, 1899, and that, upon those dates, they had no personal property in the State of Illinois. The facts of non-residence and of the *situs* of the personal property outside of the State, as set up in the objection, were established by the proof. It makes no difference that the appellant was the guardian of her minor son. The right of the State to tax depends upon the question whether or not the owner of the property resided in this State, and whether or not the *situs* of his property was outside of this State. The removal of the guardian from the State may have been ground for the removal of such guardian by the county court under the provisions of the statute in regard to "Guardian and Ward." But this in no way takes the present case out of the principles announced in the case of *Maxwell* v. *People*, *supra*.

Accordingly, the judgment of the county court, so far as it applies to the interest of said minor in the land in question, is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.     *Reversed and remanded.*

Boggs, C. J., and Hand, J., dissenting.